IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lana Sue Dyal,  )<br>  )<br>         Plaintiff,  )<br>  )<br>    vs.  )<br>  )<br>GE Gas Turbines,  )<br>  )<br>         Defendant.  )<br>  ) | Civil Action No. 6:11-3238-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). In her *pro se* complaint, the plaintiff alleges that her former employer discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**PROCEDURAL HISTORY**

The plaintiff filed her complaint on November 29, 2011. On December 6, 2011, the undersigned issued an order directing the plaintiff to bring her case into proper form for service by January 3, 2012. Specifically, the plaintiff was directed to complete, sign, and return a Form USM-285 for the defendant and to submit answers to the court's special interrogatories (*see* doc. 11). The plaintiff was warned that if she failed to timely bring the case into proper form, the case could be dismissed for failure to prosecute and failure to comply with an order of the court under Federal Rule of Civil Procedure 41 (*id.*). The plaintiff's motion for leave to proceed *in forma pauperis* ("IFP")pursuant to 28 U.S.C. § 1915 was also granted (*id.*).

When the plaintiff failed to timely bring the case into proper form, on January 18, 2012, the undersigned issued a recommendation that the district court dismiss the

complaint without prejudice and an order directing the Clerk of Court not to authorize service (*see* docs. 15, 16).  On February 3, 2012, the plaintiff filed objections to the recommendation as well as the required answers to the court's special interrogatories and the Form USM-285 (*see* docs. 19, 20, 21).  On November 9, 2012, the Honorable J. Michelle Childs, United States District Judge, issued an order declining to adopt the recommendation and recommitting the matter to the undersigned "for further consideration in light of Plaintiff's further filings" (doc. 24).  Judge Childs noted that the plaintiff's objections attempted to explain her failure to timely comply with the court's order requiring her to bring the case into proper form for evaluation and possible service of process (*id.*).

On January 17, 2013, the undersigned issued an order directing the Clerk of Court to issue the summons and to forward copies of the order, summons, complaint, and the Form USM-285 to the United States Marshals Service ("USMS") for service of process. The defendant was served on January 23, 2013 (doc. 33).  The defendant's motion to dismiss was filed on February 5, 2013.  By order filed February 6, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if she failed to adequately respond to the motion.  The plaintiff filed her response in opposition to the defendant's motion on March 14, 2013, and the defendant filed a reply on March 22, 2013.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after a complaint is filed.  If a defendant is not served within the 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  A party may move for dismissal of an action based upon insufficient process and/or insufficient service of process. Fed.R.Civ.P. 12(b)(4) and (5).

The defendant argues as follows:

> Plaintiff has failed to provide the Court with any sufficient evidence to establish good cause for her failure to perfect process in this case. Moreover, Defendant has been prejudiced in that 14 months has passed since the Complaint was originally filed. Defendant has been prejudiced by the delay in that it now has to potentially respond to and defend against an allegation of discrimination that allegedly occurred almost two and half years ago.

(doc. 34-1 at p. 3). The defendant further argues that the fact that dismissal of the complaint may place the plaintiff's race discrimination claim outside the applicable statute of limitations is not justification to deny the motion to dismiss (*id.* at p. 4).

While the court appreciates the defendant's concern regarding the delay in service in this case, the Fourth Circuit Court of Appeals has held that the service period is tolled until the district court completes its initial review and authorizes service of process in IFP cases. *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). The court reasoned as follows:

> [The plaintiff] argues that the 120-day service period should have been tolled until the district court screened his *in forma pauperis* complaint and authorized service of process. We agree. *In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3). Therefore, an *in forma pauperis* plaintiff should not be penalized for a delay caused by the court's consideration of his complaint. That delay "is solely within the control of the district court." *Paulk v. Dep't of Air Force, Chanute Air Force Base*, 830 F.2d 79, 83 (7th Cir.1987); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 453 (3d Cir.1996) ( "An *in forma pauperis* plaintiff has no control over the amount of time the district court takes to make the § 1915(d) ruling."). Indeed, here, there was an order in place prohibiting service of process. Thus, the period of time before the district court authorized service by the Marshals Service

3

> does not count against [the plaintiff] for purposes of determining the limitation period.
>
> The same result is reached under Rule 4(m)'s good cause standard. Rule 4(m) requires the district court to "extend the time for service to an appropriate period" if there is "good cause" for not serving the defendant "within 120 days after the complaint is filed." Fed.R.Civ.P. 4(m). . . . Because the delay caused by the court's failure to authorize the issuance and service of process is beyond the control of an *in forma pauperis* plaintiff, such failure constitutes good cause requiring the 120-day period to be extended. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir.1995) ("The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m).").

*Id.* at 608-609.

In this case, the plaintiff did not timely comply with the order to bring the case into proper form by January 3, 2012. Accordingly, on January 18, 2012, the undersigned directed the Clerk of Court *not* to issue the summons or forward the matter to the USMS for service of process (doc. 16). However, by February 3, 2012, the plaintiff had complied with the proper form order by answering the court's special interrogatories and submitting the Form USM-285. Thereafter, nearly a year of the delay in service of process in this case was as a result of the court's consideration of the plaintiff's complaint prior to authorization of service of process, which, as in the *Robinson* case, was beyond the control of the plaintiff. In compliance with *Robinson*, it is now the practice of the court to include the following language in orders directing service in IFP cases: "The Clerk of Court shall calculate the 120-day period for service of process under Rule 4(m) from the date on which the summons(es) are issued." Here, the summonses were issued to the defendant and its registered agent on January 18, 2013 (docs. 30, 31), and the defendant was served by the

USMS just five days later (doc. 33).  Accordingly, service under Rule 4(m) was timely, and dismissal pursuant to Rule 12(b)(4) or (5) is not appropriate.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 34) should be denied.

May 9, 2013                                                          s/ Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.