IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lana Sue Dyal, | ) | |
| | ) | Civil Action No. 6:11-03238-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| GE Gas Turbines, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report"), filed on May 9, 2013, [Dkt. No. 41]. The Report recommends that Defendant GE Gas Turbine's ("Defendant") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), [Dkt. No. 31], be denied. Plaintiff Lana Sue Dyal ("Plaintiff") filed a *pro se* Complaint on November 29, 2011 ("Complaint"), [Dkt. No. 1] alleging that Defendant, her former employer, had discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. This order comes after Defendant timely filed its Objections to the Report and Recommendation ("Objections") on May 28, 2013 [Dkt. No. 44]. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DENIES** Defendant's Motion to Dismiss.

## PROCEDURAL BACKGROUND

The court must determine whether dismissal of Plaintiff's claim for insufficient process or insufficient service of process is appropriate. Fed. R. Civ. P. 12(b)(4)–(5). Defendant contends that dismissal is appropriate based on Plaintiff's failure to meet the deadline for service

1

of process outlined in Rule 4(m) of the Federal Rules of Civil Procedure. Consequently, some attention to the chronology of events is warranted.

Plaintiff filed her Complaint on November 29, 2011. On that same day, she also filed a motion for leave to proceed *in forma pauperis*, [Dkt. No. 3], which the Magistrate Judge granted one week later on December 6, 2011, [Dkt. No. 10]. Also on December 6, 2011, the Magistrate Judge issued a Proper Form Order directing Plaintiff how to bring her case into proper form for purposes of service. [Dkt. No. 11]. To do so, the Proper Form Order instructed Plaintiff to complete and return a Form USM-285—a form used by litigants to provide service of process information to the United States Marshals Service—and to submit answers to the Magistrate Judge's special interrogatories by January 3, 2012. [*Id.*] Plaintiff was warned that failure to comply with the Proper Form Order could result in dismissal of her case. [*Id.*]

Despite the warning, Plaintiff failed to timely bring her case into proper form. On January 18, 2012, the Magistrate Judge recommended that this court dismiss Plaintiff's Complaint without prejudice, [Dkt. No. 15], and issued an order directing the Clerk of Court not to authorize service, [Dkt. No. 16]. A little over two weeks later, on February 3, 2012, Plaintiff filed objections to the recommendation, [Dkt. No. 19] and simultaneously submitted the documents required by the Proper Form Order. [Dkt. Nos. 20, 21].

Plaintiff notified the court of her late filings on March 2, 2012, [Dkt. No. 23]; thereafter, on November 9, 2012, the court decided to recommit the matter to the Magistrate Judge, in light of Plaintiff's belated filings, [Dkt. No. 24]. Roughly two months later, on January 17, 2013, the Magistrate Judge issued an order authorizing service of process on Defendant by the Clerk of Court, [Dkt. No. 27], and Defendant received the summons, its first notification of the case's existence, on January 23, 2013.

After receiving the summons, Defendant filed its Motion to Dismiss on February 5, 2013. The parties subsequently filed pleadings opposing and supporting the motion, and the Magistrate Judge issued his Report on May 9, 2013, recommending that the motion be denied.

## LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Rule 4(m) requires that a defendant be served within 120 days after a complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served within this time period, then "the court—on motion, or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, if the plaintiff can show "good cause" for failing to timely serve defendant within the 120-day period, then "the court must extend the time for service for an appropriate period." *Id.* Furthermore, even if a plaintiff fails to show good cause, the court, in some circumstances, may grant an extension of time, if it deems it to be appropriate. *See Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996); *Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999) (per curiam) (unpublished table decision).

The good cause exception typically requires that a plaintiff exercise due diligence in effecting service.  *Clyburn v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, at *5 (D.S.C. Sept. 28, 2012).  Courts often will find good cause when "'external factors . . . stifle a plaintiff's due diligence." *Id.* (citations omitted) (alterations in original).  Thus, some exogenous factor must delay or prevent service, rather than the party's own neglect or carelessness.

If a plaintiff does not effect service within the 120 days required by Rule 4(m), cannot show good cause, and the court does not otherwise deem it appropriate to extend the time period; then it is proper for the court to dismiss the complaint pursuant to Rules 12(b)(4) and 12(b)(5) for insufficient process or insufficient service of process.

## DISCUSSION

Defendant has timely filed Objections to the Report, [Dkt. No. 44].  The court must therefore review the Motion to Dismiss *de novo*.  After a thorough review of the record and the arguments of the parties, the court agrees with the Magistrate Judge that the motion must be denied.

For its part, Defendant offers a well-reasoned, methodical analysis of the timeliness issues presented by this case.  Defendant correctly points out that Rule 4(m) is designed to ensure that defendants are not prejudiced by delay.  The rule affords them "a fair opportunity to answer the complaint and present defenses and objections." *Henderson*, 517 U.S. at 671.  In this case, Defendant contends that it was prejudiced because it remained unaware of Plaintiff's claims for nearly two and a half years after the alleged discrimination occurred.  But showing prejudice alone is insufficient; Defendant must first show that Plaintiff has failed to meet the requirements of Rule 4(m).

4

Defendant argues that because Plaintiff failed to effect service within the 120-day period, she can only avoid dismissal by showing good cause for the failure. Thus, much of Defendant and Plaintiff's arguments concern only whether Plaintiff has exhibited good cause meriting extension of the service period. Defendant does an admirable job directing the court's attention to case law that would be pertinent if the good cause exception were at issue. The Report, however, determined that the good cause exception was not an issue in this case.

The Report pointed to a case overlooked in Defendant's briefs. That case, *Robinson v. Clipse*, 602 F.3d 605 (4th Cir. 2010), was quoted at length by the Magistrate Judge and warrants the same treatment here.

> [The plaintiff] argues that the 120-day service period should have been tolled until the district court screened his *in forma pauperis* complaint and authorized service of process. We agree. *In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Therefore, an *in forma pauperis* plaintiff should not be penalized for a delay caused by the court's consideration of his complaint. That delay "is solely within the control of the district court." *Paulk v. Dep't of Air Force, Chanute Air Force Base,* 830 F.2d 79, 83 (7th Cir.1987); *Urrutia v. Harrisburg County Police Dep't,* 91 F.3d 451, 453 (3d Cir.1996) ("An *in forma pauperis* plaintiff has no control over the amount of time the district court takes to make the § 1915(d) ruling."). Indeed, here, there was an order in place *prohibiting* service of process. Thus, the period of time before the district court authorized service by the Marshals Service does not count against Robinson for purposes of determining the limitation period.
>
> The same result is reached under Rule 4(m)'s good cause standard. Rule 4(m) requires the district court to "extend the time for service to an appropriate period" if there is "good cause" for not serving the defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). . . . Because the delay caused by the court's failure to authorize the issuance and service of process is beyond the control of an *in forma pauperis* plaintiff, such failure constitutes good cause requiring the 120-day period to be extended. *See Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995) ("The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m).").

5

*Robinson*, 602 F.3d at 608–09. Applying *Robinson* to the instant case, the Report concluded that Plaintiff, who also proceeds *in forma pauperis*, has effected service within the 120-day period set by Rule 4(m).

The court agrees with the Report's conclusion. The process of screening Plaintiff's *in forma pauperis* Complaint and authorizing service did not reach completion until January 17, 2013. According to *Robinson*, the period of time up until that point is tolled for Rule 4(m) purposes; thus, Plaintiff effected service within the 120-day window when the Marshals Service provided Defendant the summons on January 23, 2013. Furthermore, the court holds that even had the 120 days expired, Plaintiff would still have good cause for not having served Defendant. An exogenous force caused the belatedness in service because a court's delay in authorizing service is beyond the control of an *in forma pauperis* complainant, like Plaintiff, who must rely on the court and the Marshals Service to effect service. Whether applying the 120-day period or the good cause exception, the result is the same: Plaintiff effected service within the parameters set by Rule 4(m).

Defendant attempts to distinguish *Robinson* from the instant case in two ways. First, Defendant points out that *Robinson* involved a "relation back" analysis pursuant to Federal Rule of Civil Procedure 15(c). *See Robinson*, 602 F.3d at 608. This fact does not change the court's view. Rule 15(c)(1)(C), the specific rule at issue in *Robinson*, requires that service be effected within the Rule 4(m) period when a plaintiff adds a party to her suit or changes a party's name, but this requirement is in addition to the other relation back requirements found in Rule 15(c)(1)(B). Fed. R. Civ. P. 15(c)(1)(C). In effect, Rule 4(m) is layered on top of the relation back requirements, which is why the *Robinson* court could analyze the two issues separately. Thus, *Robinson*'s analysis of Rule 4(m) applies outside of the Rule 15(c) framework.

6

Second, Defendant attempts to distinguish *Robinson* by noting that, unlike the plaintiff in *Robinson*, Plaintiff in this case was the initial cause of delay. Plaintiff caused delay by not complying with the Magistrate Judge's Proper Form Order in a timely manner. Plaintiff thereafter submitted the required documents, but not before the Magistrate Judge had recommended the court dismiss the case without prejudice. However, Plaintiff had to wait until the court ruled on that recommendation for process to be served. Defendant does not explain why the precise action or omission on the part of Plaintiff that triggers the court's review of her *in forma pauperis* Complaint should matter. It has no bearing on the length of time taken by the court to screen the Complaint and authorize service or on the Marshals Service to effect service of process. Consequently, Defendant's attempt to distinguish *Robinson* on this ground is unpersuasive.

Having determined that Plaintiff has satisfied the requirements set forth in Rule 4(m), the court concludes that dismissal of the Complaint pursuant to Rules 12(b)(4) or 12(b)(5) is inappropriate.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 41]. It is therefore **ORDERED** that the Defendant's Motion to Dismiss [Dkt. No. 34] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 25, 2013